UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TAHEE A. RASHEED,

            Plaintiff,

    v.

UNITED STATES GOVERNMENT
AGENT, et al.,

         Defendants.

Case No.  25-cv-04096-TSH

**SECOND SCREENING ORDER
PURSUANT TO 28 U.S.C. § 1915(e)**

## I.    INTRODUCTION

On May 19, 2025, the Court granted Plaintiff Tahee A. Rasheed's application to proceed *in forma pauperis* and screened the complaint, finding it deficient under 28 U.S.C. § 1915(e).  ECF No. 4.  Plaintiff has now filed a First Amended Complaint.  ECF No. 11.  For the reasons stated below, the Court finds the amended complaint is still deficient.  No later than November 7, 2025, Plaintiff must file a second amended complaint curing the deficiencies identified in this screening order.  If Plaintiff fails to cure these deficiencies, the case will be reassigned to a district judge with a recommendation for dismissal.

## II.    BACKGROUND

Plaintiff's original complaint appeared to allege violations of the First, Fifth, and Fourteenth Amendments.  Compl. at 2 (ECF No. 1).  Plaintiff claimed that in 2012, the U.S. Government placed him under a watch program that violated these rights by restricting financial transactions related to his religious obligations.  *Id.* at 3–4.  In the original complaint, plaintiff named "United States Government (Homeland Security)," "Department of Treasurer 'Agent' Officer," and "Navy Federal Credit Union Bank Manager (Acting)" as Defendants.  *Id.* at 2.

United States District Court
Northern District of California

In the first screening order, the Court concluded that (1) Plaintiff's claims against the two federal defendants (U.S. Government and Department of Treasurer Agent Officer) were deficient because Plaintiff did not allege a waiver of sovereign immunity for his claims; (2) the claims against the unnamed credit union manager were deficient because Plaintiff did not allege facts showing the credit union manager acted under color of state law; (3) Plaintiff's complaint did not comply with Federal Rule of Civil Procedure 8; and (4) Plaintiff's claims were likely time-barred. ECF No. 4 at 3–5. The Court instructed that unless Plaintiff cured these deficiencies, the case would be reassigned to a district judge with a recommendation for dismissal. *Id.* at 1.

In the First Amended Complaint ("FAC"), Plaintiff again alleges constitutional violations, specifically under the First, Fourth, Fifth, Eight, and Fourteenth Amendments. FAC at 2–6 (ECF No. 11). In the FAC, Plaintiff names the following sixteen parties as Defendants: "Duane Wachtolborn, Pacifica Police Department"; "City and County of San Mateo Police Department"; "City and County of South San Francisco, Police Department"; "City and County of Alameda Police Department"; "United States Government F.B.I."; "United States Treasury"; "Doctor"; "Hacker"; "Mobil Oil"; "Postal Service"; "Capital One Bank"; "Chase Bank"; "Navy Federal Credit Union Bank (and "[t]he Acting Bank Manager")"; "Bank of America"; "United States Employee"; and "Wilson Meany from the Lennar Coorp. [*sic*]." *Id.* Overall, Plaintiff alleges that the various Defendants subjected him to "illegal search and seizure," refused to give Plaintiff his "assets" and "money," and "ejected" Plaintiff "from 140 acres of land." *Id.* Plaintiff further alleges that Defendant Postal Service violated his rights under "Title VII of the Civil Rights Act" based on sex discrimination, and that Defendant Wilson Meany harmed Plaintiff by moving him to "Treasury Island for 3 years." *Id.* at 4, 6.

### III.    SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)

#### A.    Legal Standard

A court must dismiss an *in forma pauperis* complaint before service of process if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(i) – (iii). "The standard for determining whether a plaintiff has failed to state a claim upon which

1    relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure

2    12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.

3    2012) (citation omitted).  As such, the complaint must allege facts that plausibly establish each

4    defendant's liability.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).  "A claim has

5    facial plausibility when the plaintiff pleads factual content that allows the court to draw the

6    reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

7    556 U.S. 662, 678 (2009).  In making this determination, the Court must "take as true all

8    allegations of material fact stated in the complaint and construe them in the light most favorable to

9    the plaintiff."  *Watison*, 668 F.3d at 1112 (citation omitted).  The Court must also "construe a *pro*

10   *se* plaintiff's pleadings liberally and afford the petitioner the benefit of any doubt."  *Id.* (cleaned

11   up).  However, the Court "may not supply essential elements of the claim that were not initially

12   pled."  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (cleaned up).

13          A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the

14   complaint to contain "a short and plain statement of the claim showing that the pleader is entitled

15   to relief."  Fed. R. Civ. P. 8(a)(2).  The failure to comply with Rule 8 is a basis for dismissal that is

16   not dependent on whether the complaint is without merit.  *McHenry v. Renne*, 84 F.3d 1172, 1179

17   (9th Cir. 1996).  Accordingly, even claims which are not on their face subject to dismissal under

18   Rule 12(b)(6) may still be dismissed for violating Rule 8(a).  *Id.*

19   **B.     Application**

20          **1.     Parties**

21                  **a.     U.S. Government Defendants**

22          In the FAC, Plaintiff appears to name four federal defendants, "United States Government

23   F.B.I.," "United States Treasury," "Postal Service," and "United States Employee."  FAC at 2–6.

24   However, absent a waiver, the United States and its agencies enjoy sovereign immunity from suit.

25   *Loeffler v. Frank*, 486 U.S. 549, 554 (1988).  "The same is true of federal officers sued in their

26   official capacities."  *Morales-Alfaro v. United States Dep't of Homeland Sec.*, No. 20-cv-82-LAB

27   (BGS), 2020 WL 248968, at *1 (S.D. Cal. Jan. 15, 2020).  Sovereign immunity is jurisdictional,

28   and the government's consent to being sued is a prerequisite for jurisdiction.  *United States v.*

United States District Court
Northern District of California

3

1    *Mitchell*, 463 U.S. 206, 212 (1983).  "The burden to show that sovereign immunity has been

2    waived is on the party bringing suit."  *Plater v. United States*, 359 F. Supp. 3d 930, 937 (C.D. Cal.

3    2018) (citing *Beals v. U.S. Dep't of Justice*, 460 F. App'x 773, 775 (10th Cir. 2012)).

4         Here, as with his original complaint, Plaintiff has not alleged a waiver of sovereign

5    immunity for his claims in the FAC.  However, to the extent he seeks to bring stand-alone claims

6    for violations of his constitutional rights, this Court lacks subject matter jurisdiction over any such

7    claim.  *See Rivera v. United States*, 924 F.2d 948, 951 (9th Cir. 1991) (explaining that "the United

8    States has not waived sovereign immunity with respect to [constitutional damage] claims");

9    *Jauregui v. United States*, No. 8:23-cv-01633-MWF-AJR, 2024 WL 4269103, at *1, 4 (C.D. Cal.

10   July 3, 2024), *report and recommendation adopted sub nom. Jauregui v. Dep't of Homeland Sec.*,

11   2024 WL 4271566 (C.D. Cal. Sept. 23, 2024) (dismissing for lack of subject matter jurisdiction

12   claims against the FBI and Department of Homeland Security alleging that both agencies were

13   "targeting" plaintiff and his family); *Morales-Alfaro*, 2020 WL 248968, at *1 ("Because the

14   complaint does not allege waiver of sovereign immunity for the Department of Homeland Security

15   or any of the officers — all of whom are sued in their official capacities — the complaint fails to

16   establish subject matter jurisdiction over any claims against them.").

17        Accordingly, Plaintiff's claims against "United States Government F.B.I.," "United States

18   Treasury," "Postal Service," and "United States Employee" are subject to dismissal.

19                    **b.    Private Party Defendants**

20        In the FAC, Plaintiff appears to allege constitutional violations against seven private party

21   defendants, "Doctor," "Hacker," "Mobil Oil," "Capital One Bank," "Chase Bank," "Navy Federal

22   Credit Union Bank," and "Bank of America."  FAC at 2–6, 8–10.  As to these private parties,

23   Plaintiff's constitutional claims are improper.  "Individuals bringing actions against private parties

24   for infringement of their constitutional rights . . . must show that the private parties' infringement

25   somehow constitutes state action."  *George v. Pac.-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th

26   Cir. 1996) (per curiam) (citation omitted); *see also* 42 U.S.C. § 1983.  The presumption is that a

27   private actor's conduct is not state action.  *Florer v. Congregation Pidyon Shevuym*, *N.A.*, 639

28   F.3d 916, 922 (9th Cir. 2011).  State action exists "only if there is such a close nexus between the

1  State and the challenged action that seemingly private behavior may be fairly treated as that of the

2  State itself." *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295

3  (2001) (cleaned up).  Courts may find state action when the challenged activity "results from the

4  State's exercise of coercive power, when the State provides significant encouragement, either

5  overt or covert, or when a private actor operates as a willful participant in joint activity with the

6  State or its agents." *Id.* at 296 (cleaned up).

7      Here, although Plaintiff makes a conclusory statement that the private party defendants

8  were "acting under color of state laws," Plaintiff has alleged no facts showing that the actions of

9  the unnamed doctor, unnamed hacker, Mobil Oil, or the four banks constituted state action.  FAC

10  at 2–6, 8–10.  As such, his constitutional claims against these defendants are subject to dismissal.

11  *See Smith v. St. Jude's Ranch*, No. 2:18-cv-00784-JAD-GWF, 2018 WL 2088870, at *1 (D. Nev.

12  May 4, 2018) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974)) ("Even involving

13  cases where there is extensive state funding and regulation of a private activity, 'the mere fact that

14  a business is subject to state regulation does not by itself convert its action into that of the State for

15  purposes of the Fourteenth Amendment.'").

16                     c.      **Municipal Defendants**

17      In the FAC, Plaintiff appears to name three municipal defendants, "City and County of San

18  Mateo Police Department," "City and County of South San Francisco, Police Department," and

19  "City and County of Alameda Police Department."  FAC at 2–6.

20      Plaintiff's claims against the municipalities invoke the principles set forth in *Monell v.*

21  *Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).  *Monell* permits a plaintiff to sue a

22  municipality when he or she has suffered a civil rights violation caused by a custom, practice, or

23  policy created by the municipality.  *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir.

24  2011); *see also City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell*, 436 U.S. at 690–91.

25  To establish municipal liability, plaintiffs "must prove that 'action pursuant to official municipal

26  policy' caused their injury."  *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell*, 563

27  U.S. at 691).

28      Here, Plaintiff seeks to hold municipalities liable.  But Plaintiff does not allege facts

5

1    showing that his alleged injuries were caused by customs, practices, or policies of the municipal

2    defendants.  Therefore, because Plaintiff's claims against the municipalities do not state a claim

3    under *Monell* liability, dismissal of these claims is appropriate.

### 2.    Rule 8

5    Some of the claims alleged in the FAC do not comply with Federal Rule of Civil

6    Procedure 8.  "Something labeled a complaint but written . . . without simplicity, conciseness and

7    clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of

8    a complaint." *McHenry*, 84 F.3d at 1180.  To comply with Rule 8, a complaint need not provide

9    detailed factual allegations, but it is "a plaintiff's obligation to provide the grounds of his

10   entitlement to relief." *Twombly*, 550 U.S. at 555 (cleaned up).  A plaintiff must do more than

11   assert "labels and conclusions, and a formulaic recitation of the elements of a cause of action will

12   not do." *Id.*  Rather, the plaintiff must provide sufficient factual allegations "to state a claim to

13   relief that is plausible on its face." *Id.* at 570.

14   Here, Plaintiff alleges that "Wilson Meany from the Lennar Coorp. [*sic*]" caused Plaintiff

15   harm related to "Treasury Island," but Plaintiff does not state a claim for relief against this

16   defendant.  FAC at 6–10.  It is not clear which laws or rights Plaintiff alleges were violated by

17   Wilson Meany.

18   Thus, to comply with Rule 8's pleading requirement, Plaintiff must amend the complaint to

19   allege:  (1) the specific laws or rights that you think the defendant(s) violated; (2) for each law or

20   right, state the specific factual allegations that connect each defendant with the alleged

21   wrongdoing, including the dates, the names of people involved, and what those people did to you; (3)

22   how you were harmed; and (4) what relief you seek.

### 3.    Frivolousness

24   It appears some of Plaintiff's claims may be frivolous.  "'A complaint . . . is frivolous

25   where it lacks an arguable basis either in law or in fact.'" *Denton v. Hernandez*, 504 U.S. 25, 31

26   (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  Frivolous claims are "claims

27   describing fantastic or delusional scenarios . . . ." *Id.* at 32.  When determining whether to dismiss

28   a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has "'the unusual power

United States District Court
Northern District of California

6

to pierce the veil of the complaint's factual allegations,'" meaning it "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Id.* (quoting *Neitzke*, 490 U.S. at 327).

The Court finds that some of the allegations in the FAC are frivolous, such as claims that Plaintiff is a "share holder and a representative" of Mobil Oil and as such, has the right to "request $15,000,000 instocks [*sic*] to be paid under protest to plaintiff, as an addition [*sic*] tax paid under protest." FAC at 5–6. "An *in forma pauperis* complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Denton*, 504 U.S. at 33. But "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* As the Ninth Circuit has explained, frivolous litigation "is not limited to cases in which a legal claim is entirely without merit . . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

### 4.    Joinder

Plaintiff has listed sixteen defendants in the FAC. These parties, however, are not properly joined under the Federal Rule of Civil Procedure 20. Through Rule 20(a)(2), defendants can be joined when: (A) the right to relief is asserted against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The "same transaction" requirement of the first prong refers to the "similarity in the factual background of the claim." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). There must be a "systematic pattern of events" that the claims arise from for them to "arise from the same transaction or occurrence." *Id.*

Here, Plaintiff alleges different legal claims for multiple defendants, many of which are unrelated to each other. There are a variety of claims made against the defendants, including "illegal search and seizure," "ha[ving] plaintiff moved to a harsh environment," "refus[ing] to respond to any of plaintiff inquiries," "injured plaintiff in his treatment," "giv[ing] support to the

hacker," "violated Title VII of the Civil Rights Act of 1964," and "giving plaintiff assets away to a hacker," that appear to arise out of separate conduct. FAC at 6–10. Plaintiff fails to allege a series of transactions or common questions of law or fact that tie the defendants together. Even though Plaintiff brings some claims under the same constitutional amendments, "the mere fact that all Plaintiff['s] claims arise under the same general law does not necessarily establish a common question of law or fact." *Coughlin,* 130 F.3d at 1351. The defendants listed in the FAC are not alleged to be engaging in organized acts against Plaintiff. While some of the conduct is alleged under the same law, the conduct of the defendants appears to be separate from one another.

If Plaintiff opts to file a second amended complaint, Plaintiff is cautioned that he may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to all defendants named therein. Importantly, Plaintiff must allege facts regarding the conduct of each defendant that he asserts gives rise to that defendant's liability.

### 5.    Statute of Limitations

Even if Plaintiff can state a claim, based on the dates in his FAC, the Court suspects much of his FAC would be time-barred. Plaintiff's allegations date back to 1998. Although the statute of limitations is normally an affirmative defense, it may be grounds for *sua sponte* dismissal by the Court where the defense is complete and obvious from the face of the pleadings. *United States v. Page*, 116 F.4th 822, 825 (9th Cir. 2024). That is the situation here: the defense appears complete and obvious from the face of the complaint for events that date back to 1998, twenty-seven years before the original complaint was filed in May 2025.

### 6.    Claims

For some defendants, Plaintiff alleges specific claims, but they do not comply with Federal Rule of Civil Procedure 8. Under Rule 8, if any one of a claim's required elements is missing, the claim fails. *E.g., New York State Teachers' Ret. Sys. v. Fremont Gen. Corp.*, 460 F. App'x 642, 643 (9th Cir. 2011).

Here, Plaintiff alleges that the Postal Service "violated Title VII of the Civil Rights Act of 1964." FAC at 10. Title VII provides a cause of action for unlawful employment practices. 42

U.S.C. § 2000e-2.  Because Plaintiff does not allege an applicable employment relationship with the Postal Service, he fails to state a claim under Title VII, and the claim is subject to dismissal.

## IV.   CONCLUSION

For the reasons above, the Court finds Plaintiff's amended complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e).  However, given the *pro se* status of Plaintiff, and because it is not clear that the deficiencies of the complaint could not be cured by amendment, the Court shall grant Plaintiff the opportunity to file a second amended complaint.  Accordingly, the Court **ORDERS** Plaintiff to file a second amended complaint by November 7, 2025.

### A.      Requirements for Amended Complaint

Because an amended complaint replaces the previous complaint, it may not incorporate claims or allegations in the original complaint by reference.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (explaining that reference to earlier filed complaints "is precluded by the well-established doctrine that an amended pleading supersedes the original pleading").  Instead, any amendment must include all of the facts and claims to be presented and all of the defendants that are to be sued.  In addition, any amended complaint must include the following sections:

> **Caption Page**
> On the first page, list the names of the defendant(s), the case number used in this order (25-cv-04096-TSH), the title ("SECOND AMENDED COMPLAINT"), and write "Demand for Jury Trial" if you want your case to be heard by a jury.
>
> **Form of Pleadings**
> The factual allegations and claims must be written in numbered paragraphs, each limited as far as practicable to a single set of circumstances.
>
> **Subject Matter Jurisdiction**
> The first numbered paragraph in your complaint (labeled "Jurisdiction") should explain why this Court has the power to decide this kind of case.  A federal court can hear a case based on a federal question jurisdiction (a violation of federal law under 28 U.S.C. § 1331) or diversity jurisdiction (when all plaintiffs and all defendants are citizens of different states disputing more than $75,000) under 28 U.S.C. § 1332.
>
> **Parties**
> In separate paragraphs for each party, identify the plaintiff(s) and defendant(s) in the case.

**Statement of Facts**
Explain the important facts in numbered paragraphs, describing how the defendant(s) violated the law and how you have been injured.

**Claims**
Include a separate heading for each legal claim (Claim 1, Claim 2, etc.), identifying the specific law that you think the defendant(s) violated and explaining in numbered paragraphs what each defendant did to violate each law.

**B.     Assistance for Self-Represented Litigants**

The Court encourages Plaintiff to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco.  You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982.  At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at https://www.cand.uscourts.gov/pro-se-litigants/.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case.  The handbook is available in person at the Clerk's Office and online at: https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: October 3, 2025

THOMAS S. HIXSON
United States Magistrate Judge