UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHEE A. RASHEED,<br><br>           Plaintiff,<br><br>      v.<br><br>UNITED STATES GOVERNMENT<br>AGENT, et al.,<br><br>           Defendants. | Case No.  25-cv-04096-TSH<br><br>**REPORT & RECOMMENDATION** |

## I.    INTRODUCTION

On May 19, 2025, the Court granted Plaintiff Tahee A. Rasheed's application to proceed *in forma pauperis* and screened the complaint, finding it deficient under 28 U.S.C. § 1915(e).  ECF No. 4.  The Court found Plaintiff's First Amended Complaint was still deficient and therefore directed Plaintiff to file a second amended complaint.  ECF Nos. 11, 12.  After Plaintiff failed to file a second amended complaint, on February 2, 2026, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute and failure to comply with court deadlines.  ECF No. 22.  The Court ordered Plaintiff to respond to the Court's show cause order by February 19, 2026.  *Id.*  Plaintiff has not filed a second amended complaint.  And Plaintiff failed to respond to the Court's show cause order.  Plaintiff has also filed a motion to transfer to superior court and a motion to pay the full filing fees in increments.  ECF Nos. 19, 21.

For the reasons stated below, the Court finds that Plaintiff has failed to prosecute this case.  As not all parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c), the Court requests this case be reassigned to a district judge for disposition.  The undersigned **RECOMMENDS** the complaint be **DISMISSED WITHOUT LEAVE TO AMEND** and the motions at ECF Nos. 19 and 21 be **DENIED AS MOOT**.

United States District Court
Northern District of California

## II.    BACKGROUND

On May 12, 2025, Plaintiff initiated this lawsuit by filing a complaint (ECF No. 1) and application to proceed *in forma pauperis* (ECF No. 2).  On May 19, 2025, the Court granted the application but found the complaint deficient under 28 U.S.C. § 1915(e).  ECF No. 4.  The Court directed Plaintiff to file a first amended complaint by June 12, 2025, curing the deficiencies identified in this screening order and warning that the case could be dismissed for failure to do so. *Id.*  After Plaintiff failed to respond, on June 20, 2025, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute and failure to comply with court deadlines.  ECF No. 8.  The Court ordered Plaintiff to respond to the Court's show cause order by July 3, 2025.  *Id.*  The Court warned Plaintiff that "failure to file a written response will be deemed an admission that you do not intend to prosecute, and this case will likely be dismissed." *Id.*  On July 7, 2025, Plaintiff responded that additional time was needed to file an amended complaint, which the Court granted.  ECF Nos. 9, 10.

On July 30, 2025, Plaintiff filed a First Amended Complaint.  ECF No. 11.  On October 3, 2025, the Court found the pleadings were still deficient and therefore directed Plaintiff to file a second amended complaint by November 7, 2025.  ECF No. 12.  The Court warned Plaintiff again that failure to cure the deficiencies identified in the screening order could lead to dismissal.  *Id.* After Plaintiff failed to respond, on November 17, 2025, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute and failure to comply with court deadlines.  ECF No. 13.  The Court ordered Plaintiff to respond to the Court's show cause order by December 1, 2025.  *Id.*  The Court warned Plaintiff that "failure to file a written response will be deemed an admission that you do not intend to prosecute, and this case will likely be dismissed." *Id.*

On December 1, 2025, Plaintiff requested additional time to respond to the show cause order, which the Court granted.  ECF Nos. 14, 15.  On December 22, 2025, Plaintiff filed a declaration.  ECF No. 17.  The Court construed this declaration as a response to the Court's show cause order at ECF No. 13 and extended the deadline to file a second amended complaint to January 29, 2026.  ECF No. 18.  The Court warned Plaintiff that failure to file an amended

complaint by the deadline would result in the case being reassigned to a district judge with a recommendation for dismissal. *Id.*

On January 9, 2026, Plaintiff filed a motion to transfer to superior court. ECF No. 19. And on January 13, 2026, Plaintiff filed a motion to pay the full filing fees in increments. ECF No. 21. However, Plaintiff did not file a second amended complaint.

On February 2, 2026, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute and failure to comply with court deadlines. ECF No. 22. The Court ordered Plaintiff to respond to the Court's show cause order by February 19, 2026. *Id.* The Court warned Plaintiff that "failure to file a written response will be deemed an admission that you do not intend to prosecute, and this case will likely be dismissed." *Id.* Plaintiff did not respond to the Court's show cause order at ECF No. 22.

### III.    DISCUSSION

The Court possesses the inherent power to dismiss an action *sua sponte* "to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962). Pursuant to this power, the Court may dismiss an action *sua sponte* for lack of prosecution. *Id.* at 630–61; *accord Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998). The Court may also dismiss an action under Federal Rule of Civil Procedure 41(b) *sua sponte* for want of prosecution. *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

"In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). "Dismissal is appropriate 'where at least four factors support dismissal . . . or where at least three factors strongly support dismissal.'" *Bell v. Walmart, Inc.*, No. 25-cv-08113-MMC, 2026 WL 458141, at *1 (N.D. Cal. Feb. 18, 2026) (citing *Hernandez*, 138 F.3d at 399).

Here, because four factors weigh in favor of dismissal, the Court finds that the case should

3

be dismissed for Plaintiff's failure to prosecute. *Cf. id.* at \*1–2 (dismissing action for failure to prosecute where all but fourth factor weighed in favor of dismissal).

The first factor, the public's interest in expeditious resolution of litigation, "always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (citation omitted). Plaintiff first initiated this lawsuit over nine months ago. ECF No. 1. Given Plaintiff's failure to advance the case in almost a year, this factor weighs strongly in favor of dismissal.

The second factor, the Court's need to manage its docket, also favors dismissal. Plaintiff was ordered to cure the deficiencies in Plaintiff's First Amended Complaint identified in the Court's screening order. *See* ECF No. 12. Yet, after four months, Plaintiff has failed to amend the complaint. Moreover, Plaintiff failed to respond to the Court's most recent show cause order. *See* ECF No. 22. Because Plaintiff's repeated failure to comply with the Court's orders has caused the Court "to expend time and resources to no productive end," this factor weighs in favor of dismissal. *Bell*, 2026 WL 458141, at \*1; *see Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal.").

The third factor, risk of prejudice to the defendant, also favors dismissal. A "presumption of prejudice arises" to defendants "from the plaintiffs' failure to prosecute." *Hernandez*, 138 F.3d at 400; *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (explaining the law "presumes prejudice from unreasonable delay"). Because Plaintiff has not presented an excuse for the delay in amending the complaint or in not responding to the Court's third show cause order, Plaintiff fails to rebut the presumption of prejudice. *Hernandez*, 138 F.3d at 401. Thus, "this factor weighs in favor of dismissal regardless of whether the defendants have shown any actual prejudice." *Id.*

The fifth factor, availability of less drastic sanctions, likewise weighs in favor of dismissal. Under this factor, district courts must consider alternatives to dismissal. *PPA Prods. Liab. Litig.*, 460 F.3d at 1228–29. "Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." *Id.* at 1229. Since Plaintiff initiated this

4

action, the Court has issued three show cause orders warning Plaintiff that the case could be dismissed for Plaintiff's failure to prosecute the case. *See* ECF Nos. 8, 13, 22. In addition, the Court issued two screening orders warning Plaintiff that the case could be dismissed for Plaintiff's failure to amend the complaint. *See* ECF Nos. 4, 12. Yet Plaintiff did not amend the complaint; nor did Plaintiff respond to the Court's most recent show cause order. Overall, Plaintiff's repeated failures to heed the Court's warning of dismissal and failure to communicate with the Court suggest "the imposition of a lesser sanction than dismissal, such as a fine, would have no meaningful effect." *Bell*, 2026 WL 458141, at *1. This factor therefore weighs in favor of dismissal.

Only the fourth factor, the public policy favoring disposition of cases on their merits, weighs against dismissal. *See PPA Prods. Liab. Litig.*, 460 F.3d at 1228 ("[T]he public policy favoring disposition of cases on their merits strongly counsels against dismissal."). However, where, as here, a plaintiff's conduct impedes progress in moving a case toward disposition, this factor "lends little support." *Id.* Thus, this factor does not tip the balance against dismissal.

Therefore, because Plaintiff has failed to prosecute this case, the undersigned recommends that Plaintiff's complaint be **DISMISSED WITHOUT LEAVE TO AMEND** pursuant to Federal Rule of Civil Procedure 41(b). Because the undersigned recommends this case be dismissed without leave to amend, the undersigned **RECOMMENDS** Plaintiff's motion to transfer to superior court (ECF No. 19) and motion to pay the full filing fees in increments (ECF No. 21) be **DENIED AS MOOT**.

### IV.   CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** the Court **DISMISS** Plaintiff's complaint **WITHOUT LEAVE TO AMEND** and **DENY AS MOOT** Plaintiff's motion to transfer to superior court (ECF No. 19) and motion to pay the full filing fees in increments (ECF No. 21).

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), a party may serve and file any objections within 14 days after being served. Failure to file objections within the specified time may waive the right to appeal the district court's order.

The Court again encourages Plaintiff to seek assistance from the Federal Pro Bono Project, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Federal Pro Bono Project, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at https://www.cand.uscourts.gov/pro-se-litigants/.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case. The handbook is available in person at the Clerk's Office and online at: https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO RECOMMENDED.**

Dated: March 3, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge