UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHEE A. RASHEED, | Case No. 25-cv-04096-EMC |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATIONS** |
| UNITED STATES GOVERNMENT AGENT, et al., | Docket No. 23 |
| Defendants. | |

On March 3, 2026, Magistrate Judge Hixson submitted a Report and Recommendation to dismiss without leave to amend for failure to prosecute. Dkt. No. 23. On March 12, 2026, Plaintiff Tahee Rasheed submitted objections. Dkt. No. 26.

## I.   BACKGROUND

Plaintiff, proceeding pro se, filed his complaint on May 12, 2025 and requested leave to proceed in forma pauperis. Dkt. No. 1. Judge Hixson granted leave, but in performing the screening under Section 1915, found the complaint deficient. Dkt. No. 4. Plaintiff's complaint alleged that the U.S. government had placed him in a watch program in 2012 that violated his constitutional rights by restricting his financial transactions related to his religious obligations. Judge Hixson found that the claims against the federal defendants failed to allege a waiver of sovereign immunity such that the federal defendants were amenable to suit and failed to show action under color of state law for the private defendants. He also noted Rule 8 and statute of limitations issues. Judge Hixson granted Plaintiff leave to amend.

Plaintiff failed to amend by the Court's deadline. Dkt. No. 8. Judge Hixson then issued a show cause order. *Id.* After Plaintiff responded, Judge Hixson extended the deadline for Plaintiff

to submit an amended complaint.  Dkt. No. 9, 10.

On July 30, 2025, Plaintiff submitted an amended complaint.  Dkt. No. 11.  The FAC stated additional claims against new defendants.  Judge Hixson performed a second screening and found the FAC deficient on the same sovereign immunity, state action, and statute of limitations grounds as before, as well as additional joinder issues for the new parties.  Dkt. No. 12.  Judge Hixson also found some of the claims to be factually frivolous, including Plaintiff's claim that he has the right as a shareholder to request 15 billion in stocks from MobilOil.  *Id.* at 6.  Judge Hixson again provided Plaintiff with leave to amend.

When Plaintiff failed to amend by the deadline set, Judge Hixson entered a second order to show cause.  Dkt. No. 13.  Plaintiff responded by moving for additional time to respond, which Judge Huxson granted.  Dkt. Nos. 14, 15.  Plaintiff did not file a second amended complaint, but did file a request for relief, discussing assets that Plaintiff has been denied, including bonds held by the IRS and assets at Capitol One that Plaintiff claims have been given to hacker impersonating him, as well as other assets Plaintiff claims to be entitled to as an inheritance that Capitol One has withheld.  Dkt. No. 20.  Plaintiff also filed motion to transfer to the Superior Court of Santa Clara County and a motion to pay filing fees in increments.  Dkt. Nos. 19, 21.

On February 2, 2026, Judge Hixson again ordered Plaintiff to show cause why the case should not be dismissed for his failure to file a second amended complaint.  Dkt. No. 22.  The Court warned Plaintiff that "Notice is hereby provided that failure to file a written response will be deemed an admission that you do not intend to prosecute, and this case will likely be dismissed." *Id.* at 2.  Judge Hixson encouraged Plaintiff to seek assistance from the Federal Pro Bono Project and provided Plaintiff with information on accessing this resource.

After Plaintiff failed to respond to the third show cause order, Judge Hixson submitted a Report and Recommendation that the case be dismissed with prejudice for Plaintiff's failure to prosecute, as well as the deficiencies identified in his 1915(e) screenings.  Dkt. No. 23.  On March 12, 2026, Plaintiff submitted handwritten objections.  The objections do not concern the substance of Judge Hixson's recommendation.  Rather, Plaintiff discusses his inability to access billions of dollars in assets at Chase Bank, Capitol One, and MobilOil.  Dkt. No. 26.

United States District Court
Northern District of California

## II.    <u>DISCUSSION</u>

Under Rule 72, the Court must make a de novo determination of any part of a magistrate judge's disposition that has been properly objected to.  Here, while objections were timely filed, the objections to not address or dispute the substance of Judge Hixson's Report and Recommendation in any way.  In the objections, Plaintiff provides no explanation for why he has failed to amend his complaint despite multiple opportunities, extensions, and warnings.  Rather, Plaintiff uses the objections to repeat portions of his claims, including that he is owed fifteen billion dollars by MobilOil.  Dkt. No. 26.  The objections are thus not specific as required under Rule 72.  *See Marsala v. Bisignano*, No. 1:23-cv-1407 JLT GSA, 2025 U.S. Dist. LEXIS 193646, at *3 (E.D. Cal. Sep. 29, 2025) (objections that did not address the findings of the magistrate judge were not sufficiently specific).

Despite Plaintiff's failure to make specific and substantive objections, the Court considers Judge Hixson's determination and the record de novo.  Judge Hixson dismissed Plaintiff's amended complaint on October 3, 2025, with amended pleadings due by November 7, 2025.  As of mid-March, Plaintiff has still not filed an amended pleading, a delay of six months.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (delay of "almost four months" weighed in favor of dismissal).  After initial dismissal, Judge Hixson provided Plaintiff with multiple opportunities and extensions to file a new complaint to address the issues identified in the screening, but Plaintiff failed to do so.  Judge Hixson also warned Plaintiff that his failure to do so would lead to dismissal.  This record supports dismissal.  *See id.* at 643 (affirming dismissal with prejudice based on Plaintiff's failure to prosecute).

Public policy generally favors "disposition of cases on their merits." *Id.* at 642.  Here, the merits also support dismissal.  Having reviewed Plaintiff's two dismissed complaints, the Court agrees with Judge Hixson that the complaints failed to state a claim for the multiple reasons set forth in his orders, including sovereign immunity and state action bars.  The Court also agrees with Judge Hixson that many of the claims asserted in the amended complaint and reiterated in Plaintiff's more recent filings appear frivolous on their face, including Plaintiff's assertions that he is owed billions or millions of dollars from various entities. The case is thus subject to dismissal

United States District Court<br>Northern District of California

both for Plaintiff's failure to prosecute and on the merits.

Accordingly, the Report and Recommendation is **ADOPTED**.  Plaintiff's case is **DISMISSED WITH PREJUDICE**.  Plaintiff's outstanding motions are **DENIED** as moot.

**IT IS SO ORDERED**.

Dated: 3/18/2026

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

4